IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02669-EWN-BNB

ROBERT ALLEN PETERSON,

Plaintiff,

v.

FRED MCKEE, individually and in his official capacity as Sheriff,
JOE MCNUTT, individually and in his official capacity as Sergeant,
JESSIE STANFORD, individually and in his official capacity as Detention Officer,
BOARD OF COUNTY COMMISSIONERS, in official capacity, and
A.K.A. SCHEETZ, individually and in his official capacity as Detention Officer,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

I respectfully RECOMMEND that this action be DISMISSED WITHOUT PREJUDICE based on the plaintiff's (1) failure to comply with the order entered January 13, 2005, allowing the plaintiff to proceed *in forma pauperis* but requiring him to make monthly payments of 20 percent of the preceding month's income credited to his account until the filing fee is paid in full or to show cause why he has no assets and no means by which to make the monthly payment; (2) failure to comply with my order of October 27, 2005, requiring the plaintiff to comply on the 15th day of **each month** with the obligation to make monthly payments of 20 percent of the preceding month's income credited to his account or to show why he has no assets and no means by which to make the monthly payment; and (3) failure on or before December 15, 2005, either to make a monthly payment of 20 percent of the income credited to his account for the month of November 2005 or to show why he has no assets and no means by which to make the monthly

payment.

The plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(2), the plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. In the order granting the plaintiff leave to proceed *in forma pauperis*, he was instructed either to make the required monthly payments or to show cause each month why he has no assets and no means by which to make the monthly payment. In order to show cause, the plaintiff was directed to file a certified copy of his inmate trust fund account statement. The plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this action. The warning concerning the plaintiff's obligation to make payment or show cause each month was reaffirmed by my Order Directing Plaintiff to Make Monthly Filing Fee Payment Or to Show Cause (the "Order to Show Cause"), entered on October 27, 2005.

This matter arises again in connection with the plaintiff's monthly obligation either to make the required monthly payment or to show cause why he cannot. The plaintiff complied with the Order to Show Cause for one month by submitting a payment of $14.00 to be applied against his filing fee obligation for the months of August, September, and October 2005. That payment was submitted on October 14, 2005.

As the Order to Show Cause makes clear, however, the plaintiff is required **each month** either to make the required payment or to show cause why he has no means by which to make the payment. The Order to Show Cause also states:

> Nor is it acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the

2

> court.  Consequently, hereafter I will require plaintiff, on or before
> the 15th day of **each** month and without any further notice from or
> order of the court, either to make the required monthly payment for
> the preceding month or to file a certified copy of his inmate trust
> fund account statement for the preceding month demonstrating that
> he has no assets and no means by which to make the monthly
> payment.   If plaintiff fails hereafter to comply with this requirement
> in any month prior to the date on which the filing fee is paid in full,
> I will recommend that the case be dismissed for failure to comply
> with this order and with the order allowing plaintiff to proceed *in
> forma pauperis* entered January 13, 2005.

Order to Show Cause, at p.2.

Although the plaintiff complied for one month with the Order to Show Cause, he immediately returned to his former ways and has failed either to make the required monthly payment by December 15, 2005, or to show cause why he has no means by which to make that payment.

In Cosby v. Meadors, 351 F.3d 1324 (10th Cir. 2003), the Tenth Circuit Court of Appeals addressed the issue of the failure of a civil rights plaintiff to comply with a district court's orders to make partial filing fee payments or to show cause why he cannot do so.  In affirming the district court's order dismissing the case, the circuit court began its analysis by noting:

> The issue here is not money per se. . . .  The issue, rather, is respect
> for the judicial process and the law.  Plaintiff must lose his right to
> pursue his claim in court because of his utter unwillingness to make
> the minor sacrifices required by statute and by the repeated
> directives of a patient district court.
> \* \* \*
> These fee provisions are intended to reduce frivolous prisoner
> litigation by making all prisoners seeking to bring lawsuits or
> appeals feel the deterrent effect created by liability for filing fees.

Id. at 1326-27 (internal citations and quotations omitted).  Although the misconduct reported in the Cosby case was more egregious than the misconduct present here, the circuit court noted that

its "review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice." Id. at 1334.

Rule 41(b), Fed. R. Civ. P., provides that a district court may dismiss an action if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and address the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby, 351 F.3d at 1333.

Here, the plaintiff's actions have interfered with the judicial process. Principally, as noted in the Cosby case, the plaintiff's failure to comply with his obligation to make payments or show cause demonstrates a lack of respect for the judicial process and the law; it undermines the uniform application of the rules towards *in forma pauperis* litigants, many of whom comply with their obligations; and it substantially burdens to court by requiring constant monitoring of the plaintiff's compliance with his obligation. Where, as here, the plaintiff flaunts a court's orders or complies only when specifically called upon and when convenient to save his case from dismissal, the fundamental mechanism by which justice is administered is harmed.

The plaintiff alone is responsible for his failure to comply. There is no suggestion that jail officials have interfered with the plaintiff's ability to file current certified copies of his trust fund account statements. See id. at 1331.

The plaintiff was warned in advance that his failure to make monthly payments or show cause why he cannot could result in dismissal of the case.

Finally, I conclude that no sanction lesser than dismissal would be effective. The plaintiff is proceeding *in forma pauperis*; consequently a monetary sanction would be ineffective. Because the injury from the plaintiff's failures to comply principally is to the judicial system, and not the defendants, a sanction limiting the plaintiff's ability to present evidence would bear no substantial relation to the misconduct. The plaintiff has demonstrated an unwillingness to comply with orders of the court.

I respectfully RECOMMEND that the plaintiff's complaint and this action be DISMISSED WITHOUT PREJUDICE for failure to make monthly payments or show cause why the payments cannot be made and for failure to comply with relevant orders of the court, including the Order to Show Cause.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 21, 2005.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge